IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIAL GHOLAMI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OPENAI, INC.,<br><br>　　　　Defendant. | Case No. 26-cv-00174-CRB<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING CASE** |

Plaintiff Danial Gholami, proceeding pro se, is an inventor in Iran who develops products using artificial intelligence ("AI"). He brings this action against Defendant OpenAI, Inc. ("OpenAI") for allegedly infringing on six of his AI models and then destroying evidence to cover it up. See Compl. (dkt. 1). Gholami filed a motion for a temporary restraining order ("TRO") asking this Court to enjoin the alleged destruction of data and documents related to the case. TRO (dkt. 3). He also asks this Court for leave to proceed in forma pauperis ("IFP") on account of his inability to pay fees. IFP (dkt. 2). Because Gholami has not shown that he has a valid copyright registration, the Court denies Gholami's motion for a TRO for an inability to show he is likely to succeed on the merits. The Court also grants Gholami's IFP motion and screens the complaint. Just like for the TRO, since Gholami has not demonstrated a valid copyright registration, a precondition for suit, the Court dismisses the complaint.

## I.     BACKGROUND

Danial Gholami is an inventor in Iran. Compl. at 1. Between 2023 and 2025, Gholami developed six AI ecosystems. On July 29, 2025, he submitted claims for

copyright registration with the Copyright Office for each AI model.[1]  Compl. at 2, ¶ 1. The complaint is silent as to whether Gholami's applications were granted.

Shortly before, on July 14, Gholami decided to reach out to OpenAI, a company that is known for AI large language models such as ChatGPT.  Compl. at 4, ¶ 7.  He contacted executives and the legal team to propose collaboration centered on his AI models, sending a non-disclosure agreement as well.  Id.  Gholami alleges that OpenAI continued to assure him that his data was secure while secretly preparing to launch products based on his models.  Compl. at 4–5, ¶ 8.  On August 6, a day before OpenAI's product launch, Gholami sent a warning to OpenAI's legal team that promised legal action if the company infringed on his six models.  Id.  Nevertheless, OpenAI purportedly launched the products anyway and engaged in a "deliberate campaign of deception, where [OpenAI] actively infringed while providing false assurances" to Gholami.  Id.

Despite the allegedly infringing products, Gholami spent time between August and November attempting to negotiate a compromise with OpenAI.  Compl. at 5, ¶ 8-(l).  He sent formal legal notices, including demand letters, spoliation notices, and a cease and desist.  Id.  Gholami made sure to send his communications to all levels of leadership.  Id. Gholami alleges that OpenAI conceded that his documentation was valid but continued to delay, seeking additional documentation.  Id.  But while OpenAI agreed that receipts of his applications "may be sufficient for WIPO [World Intellectual Property Organization] mediation and DMCA purposes," it wanted "official certificates of registration to proceed further."  Compl., Ex. C.  Gholami does not allege or provide documentation that he provided—or indeed had—official certificates.  Gholami initiated mediation but OpenAI allegedly refused to participate and admitted that it had deleted Gholami's data.  Compl. at 5, ¶ 9.

Around the same time, Gholami describes a purported systematic destruction by

---

[1] While Gholami characterizes his action as registering the copyrights, the exhibit he submitted merely shows that he submitted registration applications.  Compl., Ex. A.  Gholami did not provide documentation that he successfully registered the copyrights—or that they were rejected.

OpenAI of evidence related to his models and the instant case. He alleges that OpenAI deleted webpages from their servers that contained product features from his models. Compl. at 6, ¶ 11. When he tried to view the lost webpages on the Wayback Machine, an independent Internet archive, Gholami noticed that OpenAI had issued takedown requests to eliminate public traces of evidence. Compl. at 6, ¶ 12. OpenAI also allegedly deleted or altered URLs after receipt of Gholami's preservation notices. Compl. at 6, ¶ 13.

Gholami then filed suit. He brings five claims: copyright infringement, a violation of the Digital Millenium Copyright Act ("DMCA"), misappropriation and unfair competition under California law, spoliation, and contributory infringement and unjust enrichment. Compl. at 10–11. He seeks leave to proceed IFP and filed for a TRO. See IFP; TRO. Gholami seeks to enjoin OpenAI from allegedly destroying evidence related to the case. TRO at 3.

## II.   TEMPORARY RESTRAINING ORDER

Because Gholami has not demonstrated a likelihood of success on the merits, the Court denies his motion for a TRO.

### A.   LEGAL STANDARD

A TRO is an "extraordinary remedy" that should be awarded only upon a clear showing that the party is entitled to such relief. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The party seeking a TRO must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. See id. at 20. The "[l]ikelihood of success on the merits 'is the most important Winter factor.'" Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017) (quoting Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015)). The Ninth Circuit has held that courts should liberally construe motion papers from pro se litigants. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

### B.   DISCUSSION

Gholami seeks a TRO to stop the purported destruction of "critical evidence"

related to OpenAI's "wholesale theft" of his work. TRO at 3. But for the motion to prevail, Gholami must demonstrate a likelihood of success on the merits. He does not.

Besides spoliation, which is not itself a cause of action, all of Gholami's claims stem from copyright infringement. Pursuant to the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made" with the Copyright Office. 17 U.S.C. § 411(a). Although the registration requirement is not jurisdictional, it is a "precondition to suit." Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010); see also Kodadek v. MTV Networks, Inc., 152 F.3d 1209, 1211 (9th Cir.1998) ("Copyright registration . . . is a prerequisite to a suit based on a copyright."). And, as relevant here, an application for a registration does not satisfy the precondition. Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296, 303 (2019) ("If application alone sufficed to 'ma[ke]' registration, § 411(a)'s second sentence—allowing suit upon refusal of registration—would be superfluous."). Thus, if a work is not validly registered, an "infringement action is foreclosed." Kodadek, 152 F.3d at 1212.

Gholami does not satisfy the precondition for suit for copyright infringement. The documents he relies on in his complaint only show an application for a copyright, not an official registration. See Compl., Ex. A. Gholami does not provide the outcome of the Copyright Office's decision. Because a valid copyright is required for each of his claims, Gholami has not demonstrated a likelihood of success on the merits. See, e.g., Coupons, Inc. v. Stottlemire, 588 F. Supp. 2d 1069, 1073 (N.D. Cal. 2008) (valid copyright required to state a claim under the DMCA); Kodadek, 152 F.3d at 1212 (state law claims like unfair competition are preempted if the rights asserted are equivalent to those protected in the Copyright Act).

Accordingly, the Court DENIES Gholami's motion for a TRO and does not consider the remaining Winter factors. See Pimentel v. Dreyfus, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation."). The Court

4

notes that Gholami's concerns with spoliation are not invalidated by this decision.  If OpenAI is engaging in spoliation, the Court can impose sanctions or permit adverse inferences pursuant to either the Court's "inherent power" or Rule 37.  <u>Leon v. IDX Sys. Corp.</u>, 464 F.3d 951, 958 (9th Cir. 2006).

### III.   IFP MOTION

28 U.S.C. § 1915(a) authorizes the Court to permit a plaintiff to file a federal lawsuit without prepayment of fees or security so long as the plaintiff submits an affidavit showing that he is unable to pay the fees or give security.  Gholami has represented that he has no income and survives on his father's estate based on his father's limited pension.  IFP at 2–4.  Based on this information, the Court finds that Gholami has demonstrated that he is unable to pay the filing fee and grants his IFP motion.

The IFP statute further requires the Court to screen the complaint and dismiss the case if, among other things, the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  As discussed for the TRO, Gholami's complaint cannot proceed without valid copyright registrations, which are not present in the current form of the pleadings.  The complaint simply does not describe any final decision—one way or the other—from the Copyright Office on Gholami's claims.  While he <u>could</u> bring a claim if the Copyright Office refused registration, Gholami has not alleged such refusal and would also have to plead that he provided notice of this action to the Register of Copyrights.  <u>See</u> 17 U.S.C. § 411(a).  Accordingly, the Court dismisses Gholami's complaint without prejudice.

### IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Gholami's motion for a TRO, **GRANTS** Gholami's motion to proceed IFP, and **DISMISSES** the complaint without prejudice.

**IT IS SO ORDERED.**

Dated: January 8, 2026



CHARLES R. BREYER
United States District Judge