UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DANIAL GHOLAMI,
Plaintiff,

v.

OPENAI, INC., et al.,
Defendants.

Case No. 3:26-cv-00174-CRB

PLAINTIFF'S AMENDED MOTION TO REOPEN CASE UNDER RULE 60(b) AND STATUS REPORT REGARDING U.S. COPYRIGHT OFFICE PROCEEDINGS

YOUR HONOR,

Plaintiff, Danial Gholami, respectfully submits this Amended Motion to correct the title of his previous filing and to seek relief under Federal Rule of Civil Procedure 60(b) based on newly discovered evidence of fraud and misconduct by the U.S. Copyright Office examiner.

## I. INTRODUCTION

Your Honor, Plaintiff respectfully moves this Court to reopen this case under Federal Rule of Civil Procedure 60(b) based on newly discovered evidence of fraud and misconduct. Pursuant to the Court's order, Plaintiff pursued registration with the U.S. Copyright Office (USCO). On February 17, 2026, the USCO issued a final refusal (Exhibit R-1). However, this refusal was based on a fundamental misrepresentation of Plaintiff's statements by the Examiner—a fabrication that this Court should consider when evaluating the good faith of these proceedings.

## II. GROUNDS FOR REOPENING UNDER RULE 60(b)

### A. Fraud and Misrepresentation (Rule 60(b)(3))

The USCO refused registration based on a fabricated claim that Plaintiff "confirmed" the works were created by artificial intelligence. As demonstrated in Exhibit R-3 (Complete Correspondence Thread), Plaintiff consistently and repeatedly stated that AI was used strictly as a professional dictionary to verify the accuracy of English translations Plaintiff had already prepared from his original Persian research. Plaintiff exercised full human judgment over every word, and AI generated no creative content whatsoever in any of the six registered works.

The Examiner's statement—that Plaintiff "confirmed" AI creation—appears nowhere in the correspondence. It is a fabrication that constitutes fraud on this Court.

### B. Exhaustion of Remedies and Institutional Resistance

Plaintiff filed formal complaints regarding this examiner misconduct, including detailed documentation forwarded to Copyright Office officials as early as January 23, 2026 (Exhibit R-2). Despite clear evidence of a fabricated confession, the USCO has declined to investigate, instead demanding additional fees ($350) for a "reconsideration" process that entirely ignores the falsification of official records.

C. Standing Under 17 U.S.C. § 411

Under the Copyright Act, a refusal of registration by the Copyright Office satisfies the requirement for a plaintiff to institute an infringement action in federal court. The refusal—even one based on misrepresentation—confers jurisdiction upon this Honorable Court.

D. Legal Standard Under Rule 60(b)

Under Federal Rule of Civil Procedure 60(b)(3), a court may relieve a party from a final judgment due to fraud, misrepresentation, or misconduct by an opposing party . Here, the Copyright Office examiner's fabricated statement—claiming Plaintiff "confirmed" AI creation—constitutes fraud on this Court. Under Rule 60(b)(6), relief is also warranted for any other reason justifying reconsideration, including the extraordinary circumstances of coordinated misconduct.

III. SYSTEMIC HARM TO FAIR COMPETITION AND THE U.S. INNOVATION ECOSYSTEM

Your Honor, this case transcends a private dispute. The misappropriation of Plaintiff's intellectual property by OpenAI, Inc. represents a profound assault on the principle of fair competition in the United States.

By illicitly implementing Plaintiff's 30-phase Deep AI Personalization Architecture (NeuroLayer) and the Triple-Layer Data Protection System since August 2025, Defendants have bypassed years of essential Research & Development. This "technological shortcut" creates an insurmountable and unlawful leap in the market, directly harming ethical American corporations that invest billions in transparent innovation.

Plaintiff's original intent was to partner with ethical U.S. entities to implement these transformative ecosystems, such as LifeAI and Whistle WordAI—a commercial and media ecosystem designed to foster fair competition and innovation. Instead, the current theft ensures a monopolistic advantage for the Defendants, casting a long shadow over the competitive landscape and stifling the progress of honest competitors who adhere to the rule of law.

The evidence shows that OpenAI, Inc. admitted destroying Plaintiff's interaction data during WIPO proceedings—destruction of evidence that itself demonstrates consciousness of guilt. When combined with the Copyright Examiner's fabricated confession, a pattern of coordinated misconduct emerges that this Court is uniquely positioned to address.

IV. DECLARATION IN LIEU OF BOND (28 U.S.C. § 1746)

Due to the extreme financial hardship caused by the systematic theft of my assets and life's work—hardship previously documented and acknowledged by this Court—I am unable to provide a financial bond. However, in accordance with the Court's previous guidance and with the deepest respect for these proceedings:

I, Danial Gholami, declare under penalty of perjury under the laws of the United States of America that I am the sole human author of the six (6) works submitted to the U.S. Copyright Office. I further declare that all statements regarding the misconduct of the Examiner, the unauthorized use of my data by OpenAI, the destruction of evidence during WIPO proceedings, and the contents of this Motion are true and correct to the best of my knowledge.

Executed on this 26th day of February, 2026.

Respectfully submitted,


Danial Gholami
Plaintiff, Pro Se


V. CONCLUSION

Your Honor, Plaintiff respectfully requests that this Court:

1. Grant this motion under Rule 60(b)(3) and (6);
2. Reopen the case and vacate the January 8, 2026 judgment;
3. Permit this litigation to proceed to the discovery phase.

Respectfully submitted this 26th day of February, 2026.


Danial Gholami
Plaintiff, Pro Se