IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DANIAL GHOLAMI,<br><br>        Plaintiff,<br><br>    v.<br><br>OPENAI, INC., et al.,<br><br>        Defendants. | Case No.  26-cv-00174-CRB<br><br>**ORDER STAYING CASE;<br>DENYING ADMINISTRATIVE<br>MOTIONS** |

Plaintiff filed a series of administrative motions regarding his ability to prosecute the case and to expedite discovery.  See Dkts. 12, 13, 14.  The Court **DENIES** all of them and **STAYS** the case.

For starters, Plaintiff moves to seal his motion for pro bono counsel.  Dkt. 12.  The Court denies the motion as it does not follow Civil Local Rule 79-5(c)'s requirements for the contents of a motion to seal.  Plaintiff also fails to provide any reason for why the motion must be barred from public access.

Plaintiff also filed two administrative motions that—among other things—ask for expedited discovery.  See Dkts. 13, 14.  The Court denies these motions without prejudice, as Defendant OpenAI Inc. has not yet been served as part of this action and cannot explain its position.  Plaintiff also asks the Court for irrelevant relief, such as a referral to the Securities Exchange Commission for prosecution.

Nevertheless, the Court is cognizant of the challenges Plaintiff faces in prosecuting his case—particularly in light of the ongoing hostilities in Iran, where Plaintiff resides.  As a result, the Court exercises its inherent authority to stay the case for 60 days.  The Court finds that Plaintiff would experience significant "hardship or inequity . . . in being required

to go forward" with the case at present.  See Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005); see also Dkt. 13 (noting Plaintiff's poor health and Internet blackout in Iran).  Moreover, judicial economy and the "orderly course of justice" would be served by waiting until Plaintiff is not hindered by military action or Internet blackouts.  See Lockyer, 398 F.3d at 1110.  Plaintiff is also unlikely to be harmed by a stay.  See id. (courts consider "possible damages" from a stay).  Plaintiff cites a concern with purported spoliation by the Defendant.  See Dkt. 13.  But the Court has the power to sanction a party for such spoliation, if Defendant is engaging in such conduct.  Fed. R. Civ. P. 37(e).

For the foregoing reasons, the Court **DENIES** Plaintiff's three administrative motions and **STAYS** the case for 60 days (until July 27, 2026).  If hostilities in Iran cease and Internet is restored during this stay period, Plaintiff may move this Court to lift the stay.  If the hurdles remain, this Court may issue another stay.

**IT IS SO ORDERED.**

Dated: May 28, 2026

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

2