United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIAL GHOLAMI,
Plaintiff,

v.

OPENAI, INC.,
Defendant.

Case No. 3:26-cv-00174-CRB

**ORDER GRANTING MOTION DIRECTING SERVICE AND GRANTING MOTION FOR APPOINTMENT OF COUNSEL**

## I. BACKGROUND

On January 6, 2026, Plaintiff Danial Gholami, who lives in Iran and is proceeding pro se, filed a complaint against Defendant OpenAI, Inc. ("OpenAI"), alleging that OpenAI infringed Gholami's copyright. See Compl. (dkt. 1). On the same day, Gholami moved for leave to proceed in forma pauperis ("IFP"). See Mot. to Proceed IFP (dkt. 2). Although the Court granted Gholami's IFP motion, it dismissed the complaint without prejudice. See Order to Grant IFP Mot. and to Dismiss Compl. (dkt. 7). Gholami has since filed an amended complaint. See FAC (dkt. 22). He has also made several motions, including one to direct service of process and another for the appointment of pro bono counsel. See Mot. to Direct Service (dkt. 24); Mot. for Appointment of Counsel (dkt. 25). The Court **GRANTS** both motions.

## II. LEGAL STANDARD

### A. Service

When a district court grants IFP status, the court must screen the complaint and dismiss the action if it is frivolous. See 28 U.S.C. § 1915(e)(2)(B). If the complaint survives the screening, the court "may order that service be made by a United States

United States District Court
Northern District of California

marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

**B. Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In civil proceedings, such a request is within the "broad discretion of the district court" and demands "exceptional circumstances," which "requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Smith v. McCarthy, No. 89-15540, 1991 WL 126426, at *2 (9th Cir. July 1, 1991) (internal quotation marks omitted). "Neither of these factors is dispositive and both must be viewed together before making a decision." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); id. at 1331 n.3 (acknowledging that a court's ability to assess the merits of a pro se claim may be affected by the complexity of the issues presented).

## III. DISCUSSION

**A. Service**

Under Federal Rule of Civil Procedure 4(c)(3), the Court **GRANTS** the Motion for Service and orders the United States Marshal to carry out service of process. See Fed. R. Civ. P. 4(c)(3).

**B. Appointment of Counsel**

Gholami lives in Iran, and the Court had previously stayed the case "in light of the ongoing hostilities in Iran." See Order Granting Stay (dkt. 20). Although that stay has since been lifted, see Order Lifting Stay (dkt. 23), the Court recognizes that ongoing hostilities may continue to make it difficult for Gholami to prosecute his action. In light of these circumstances, the Court **GRANTS** the Motion for Appointment of Counsel.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Service and

//

**GRANTS** the Motion for Appointment of Counsel.

**IT IS SO ORDERED.**

Dated: September 10, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California