United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIAL GHOLAMI,
Plaintiff,

v.

OPENAI, INC.,
Defendant.

Case No. 26-cv-00174-CRB

**ORDER EXTENDING STAY AND CLARIFYING DEFENDANT'S DEADLINE TO RESPOND**

This Court granted Plaintiff Danial Gholami's request for the appointment of counsel on September 10, 2026. Ord. (dkt. 28) at 2. To provide time for the Federal Pro Bono Project to locate counsel, the Court granted three stays of the proceedings, see Ord. ("First Stay") (dkt. 29); Ord. ("Second Stay") (dkt. 35); Ord. ("Third Stay") (dkt. 41), with the most recent stay set to expire on November 24, 2026, see Third Stay.

On November 15, Plaintiff filed an "Emergency Status Report." Emergency Status Rep. & Mot. Regarding Stay Proceedings, Regional Disruptions, & Appointment of Couns. ("Pl.'s Rep. & Mot.") (dkt. 42). Plaintiff details a dispute with Defense counsel over the terms of a joint stipulation to manage case deadlines and argues that Defendant is engaged in a strategy to "exploit[] the stay and Plaintiff's pro se status to stall proceedings." Id. at 1. Plaintiff also notes that he is continuing to have difficulty accessing the internet because of communication blackouts—a limitation he worries Defendant will "weaponize[] to prejudice Plaintiff's rights." Id. Plaintiff asks the Court to "take note" of the Defendant's efforts, "expedite" the assignment of counsel, or "appoint counsel for the limited purpose of representing Plaintiff at any upcoming status conference or hearing regarding the extension or lifting of the stay." Id.

Two days later, Defendant OpenAI moved for the Court to clarify their deadline to respond to Plaintiff's Second Amended Complaint. Admin. Mot. to Clarify Deadline (dkt. 43). Defendant requests the Court set their response deadline to 21 days after the stay in the case is lifted. Id. at 2.

Plaintiff filed an opposition to Defendant's motion, arguing Defendant's requested extension sought to "further delay justice, prolong suffering, and buy time to cover up the systemic destruction of evidence." Pl.'s Opp'n to Def.'s Mot. ("Pl.'s Opp'n") (dkt. 44) at 1. Plaintiff emphasized the case's delay was causing him prejudice and repeated his concern that Defendant was engaged in the spoilation of evidence. Id. at 1–2. He requested the Court deny Defendant's motion and instead order Defendant to "respond to the Second Amended Complaint within the original deadline." Id. at 2.

The Court appreciates that Plaintiff is eager to ensure this litigation is not unduly delayed. Rightfully so. And the Court is cognizant of its duty to administer the proceedings efficiently. See United States v. W.R. Grace, 526 F.3d 499, 508 (9th Cir. 2008) ("[T]he district court is charged with effectuating the speedy and orderly administration of justice."). Nonetheless, courts have broad discretion to ensure that the parties are adequately prepared. Id. at 509. And this Court recognizes that many of the considerations favoring appointing Plaintiff counsel are still present—including Plaintiff's limited internet access and concern that he will be exploited because of his pro se status. See Pl.'s Rep. & Mot. at 1. Efforts to locate Plaintiff an attorney are ongoing, but have so far been unsuccessful.

The Court also recognizes Defendant has a legitimate interest in understanding its deadline to respond to Plaintiff's pleadings. Despite Plaintiff's concerns, the Court does not see any bad faith effort to delay in Defendant's motion, which sets a reasonable deadline accounting for this Court's multiple stays to help find Plaintiff counsel. See Davidson v. O'Reilly Auto Enters., LLC, 968 F.3d 955, 963 (9th Cir. 2020) ("District courts . . . have the power to establish reasonable times for the filing of documents." (cleaned up)).

United States District Court
Northern District of California

In consideration of these interests, the Court hereby:

1. ORDERS that the stay of the case shall be extended for a period of three additional weeks from the date of this Order to try to local Plaintiff counsel;
2. If Plaintiff's counsel has still not been located after three weeks from the date of this Order, the Court DIRECTS Plaintiff to file a status update within three days, informing the Court whether Plaintiff would prefer for the Court to further stay proceedings and order appointment of counsel only for the purpose of representation in any forthcoming motion to dismiss, or if Plaintiff would prefer to proceed immediately without counsel;
3. The Court also clarifies that Defendant's deadline to respond to Plaintiff's pleadings is set for 21 days after the stay in this case is lifted.

**IT IS SO ORDERED.**

Dated: November 23, 2026

CHARLES R. BREYER
United States District Judge